UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES P. BEECHINOR )<br>    Plaintiff )<br>)<br>)<br>v. )<br>)<br>ALFANO AUTO GROUP, LLC D/B/A )<br>ALFANO NISSAN )<br>    Defendant )<br>_____) | CIVIL ACTION NO.<br>3:15-CV-1172-SRU<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>FEBRUARY 3, 2016 |

## AMENDED COMPLAINT

### I.  INTRODUCTION

1.  This is a suit brought by a consumer under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and the Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, against defendant Alfano Auto Group, LLC d/b/a Alfano Nissan ("Alfano")*.*  Plaintiff also asserts pendent state law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

### II.  PARTIES

2.  Plaintiff, James P. Beechinor, is a natural person residing in Torrington, Connecticut.

3.  Alfano is a Connecticut limited liability company that operates a motor vehicle dealership in Torrington, Connecticut.

### III.  JURISDICTION

4.  Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Alfano because it is located in Connecticut and regularly does business in Connecticut.

6. Venue in this Court is proper, because the transaction alleged herein occurred in this state.

## IV.  FACTUAL ALLEGATIONS

7. On or about September 13, 2014, Plaintiff visited Alfano for the purpose of purchasing a motor vehicle.  Alfano showed Plaintiff a new 2014 Nissan Altima, VIN# 1N4AL3AP4EC122980 (the "#2980 Vehicle").

8. Prior to the time that Alfano showed Plaintiff the #2980 Vehicle, it had removed the vehicle's Monroney Sticker in violation of 15 U.S.C. § 1233(c).

9. Plaintiff believes, and on that basis alleges, that the manufacturer's suggested retail price ("MSRP") of the #2980 Vehicle was approximately $22-$23,000.

10. Alfano told Plaintiff that the cash price of the #2980 Vehicle was approximately $22-$23,000.

11. Plaintiff agreed to lease the #2980 Vehicle, and Alfano prepared a Motor Vehicle Lease Agreement (the "Lease") listing Alfano Nissan as the Lessor and Plaintiff as Lessee.

12. The Lease identified the #2980 Vehicle as a "New" vehicle and listed an agreed-upon value of $31,000, which value was incorporated into the Gross Capitalized Cost of $35,542.00.

13. Additionally, the Lease recited an initial cash payment of $804.68, even though Plaintiff did not pay any cash to Alfano and was not requested to make any initial cash payment.

14. Alfano told Plaintiff that in order for him to be approved for the Lease, he had to purchase a service contract at a cost of $3,448.00.

15. Plaintiff did not request or desire the service contract, and he requested that Alfano remove it from the Lease, but Alfano refused.

16. Plaintiff also expressed concern regarding whether he could afford the monthly payment of $527.60 under the Lease, and Alfano told Plaintiff that he could return to Alfano in six months and lower the monthly payment.

17. Plaintiff agreed to proceed with the Lease and agreed to execute the agreement.

18. Due to weather conditions, Plaintiff was unable to closely inspect the #2980 Vehicle's exterior prior to taking delivery.

19. The Lease was assigned to Nissan-Infiniti LT and was serviced by Nissan Motors Acceptance Corp.

20. Alfano provided false information to Nissan-Infiniti LT regarding Plaintiff's income in order to induce it to agree to accept assignment of the transaction. Specifically, Alfano falsely stated that Plaintiff had a yearly salary of $45,000 even though his actual earnings were approximately $10,000 less than that amount.

21. After Plaintiff took delivery of the #2980 Vehicle, he discovered that the #2980 Vehicle had extensive damage, including dents on the vehicle's hood, roof and trunk, which he had been unable to see prior to taking delivery due to adverse weather conditions.

22. The damage to the Vehicle was such that it could not legally be sold or leased as a new vehicle without disclosure of the damage.

23. Upon discovering the prior damage the following day, Plaintiff immediately brought the #2980 Vehicle back to Alfano.

24. Alfano agreed to provide Plaintiff with a replacement vehicle.

25. Approximately two weeks later, Alfano delivered a similarly equipped 2014 Nissan Altima, VIN # 1N4AL3AP4EN376547 (the "#6547 Vehicle").

26. Nissan Motor Acceptance Corp. sent notice to Plaintiff that the Lease Agreement had been corrected so that it listed the #6547 Vehicle.

27. On or about March 18, 2015, after making payments on the Lease Agreement for six months, Plaintiff returned to Alfano to inquire about reducing his monthly payment.

28. Alfano then purchased the #6547 Vehicle from Nissan-Infiniti LT and sold it to Plaintiff pursuant to a Retail Installment Contract (the "Contract').

29. The Contract identified the #6547 Vehicle as "New", even though it had previously been sold to Nissan-Infiniti LT and been driven under the Lease by Plaintiff for six months.

30. The Contract listed a cash price of $32,365.63, and showed a cash down payment of $4,500, even though no down payment was made.

31. Additionally, Alfano provided false information to M&T Bank regarding the optional equipment that was included on the Vehicle in order to deceive M&T into believing that the Vehicle was worth more than its actual value.  Specifically, the credit application indicated that the vehicle was equipped with a navigation system, aluminum/alloy wheels, and a sliding sun roof, even though the Vehicle did not have any of those features.

## V. CAUSES OF ACTION

### A. CONSUMER LEASING ACT

32. Alfano violated the CLA by falsely disclosing an initial cash payment of $804.68 in the Lease.

33. Alfano further violated the CLA when it required Plaintiff to purchase a service contract as a condition of obtaining the lease.

34. For its CLA violations, Alfano is liable to Plaintiff for actual damages plus additional damages of $2,000, plus attorney's fees and costs.

### B. CREDIT REPAIR ORGANIZATION ACT – THE LEASE

35. Alfano violated the CROA when it listed the #2980 Vehicle as "New" on the Lease, when the damage to the Vehicle was such that it could not legally be sold or leased as a new vehicle without disclosure of the damage.

36. Alfano also violated the CROA when it falsely stated that Plaintiff was making an initial cash payment.

37. Alfano further violated the CROA by falsely stating that Plaintiff's annual income was $45,000.

38. For its CROA violations in connection with the Lease, Alfano is liable to Plaintiff for actual damages, punitive damages, and reasonable attorney fees under 15 U.S.C. § 1679g(a).

### C. CREDIT REPAIR ORGANIZATION ACT – #6547 VEHICLE

39. Alfano violated the CROA when it listed the #6547 Vehicle as "New" on the Contract and when it falsely listed a down payment for the Vehicle.

40.     For its CROA violations, Alfano is liable to Plaintiff for actual damages, punitive damages, and reasonable attorney fees under 15 U.S.C. § 1679g(a).

### D.  TRUTH IN LENDING ACT

41.     Alfano violated TILA because it listed a false down payment of $4,500 on the Contract.

42.     Although the Contract reflected a stated cash price of $32,365.63, the effective cash price of the Vehicle, once the false down payment is subtracted, was only $27,865.63, plus whatever balance of the service contract may have been applied to the purchase.

43.     The sales tax in the transaction was calculated based upon the stated cash price of $32,365.63, resulting in a higher sales tax charge.

44.     Alfano failed to disclose the additional sales tax as a "finance charge" and provided an inaccurate itemization of the amount financed.

45.     For Alfano's TILA violations, it is liable to Plaintiff for actual damages and attorney's fees.

### E.  CONNECTICUT UNFAIR TRADE PRACTICES ACT – #2980 Vehicle

46.     Alfano violated CUTPA by removing the Monroney Sticker from the #2980 Vehicle.

47.     Alfano further violated CUTPA by utilizing a cash price in the lease that was substantially in excess of the MSRP as shown on the Monroney sticker which, on information and belief, stated a higher price than the price utilized in the lease.

48.     Alfano further violated CUTPA by charging the Plaintiff considerably more than the price that it had communicated to him.

49. Alfano further violated CUTPA by its failure to disclose the damage to the #2980 Vehicle and by leasing it as a "new" vehicle despite the prior damage.

50. Alfano further violated CUTPA by its false and deceptive statements to Nissan-Infiniti regarding his income, which enabled it to place him in a lease that was unaffordable and overpriced.

51. Alfano further violated CUTPA by its false and deceptive statement that Plaintiff was required to purchase a service contract as a condition of the Vehicle, which service contract provided little value because the manufacturer's warranty would cover most defects that might occur during the period of the Lease.

52. Alfano's conduct, as aforedescribed, was unfair and deceptive and in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages.

53. Alfano is liable to Plaintiff for his damages, punitive damages and attorney's fees.

### G.  CONNECTICUT UNFAIR TRADE PRACTICES ACT – #6547 Vehicle

54. Alfano violated CUTPA by its violation of TILA in including  including a false down payment of $4,500 on the Contract.

55. Although some of that down payment may have been attributable to a refund following the cancellation of the service contract, much of it was not.

56. Alfano further violated CUTPA by its false and deceptive statements to M&T regarding the optional equipment on the #6547 Vehicle,  which enabled it to sell him the Vehicle at an excessive price.

57. Alfano's conduct, as described above, was unfair and deceptive in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages.

58. Alfano is liable to Plaintiff for his damages, punitive damages and attorney's fees.

WHEREFORE, Plaintiff claims actual damages, statutory damages of $2,000 for each lease agreement, and attorney's fees and costs pursuant to the CLA; actual damages, punitive damages and reasonable attorney's fees pursuant to the CROA; damages, statutory damages under TILA; and actual damage, statutory punitive damages and attorney's fees pursuant to CUTPA.

PLAINTIFF, JAMES P. BEECHINOR

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel.  (860) 571-0408
    Fax. (860) 571-7457

## CERTIFICATION

I hereby certify that on this 3rd day of February, 2016, a copy of the foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

 /s/ *Daniel S. Blinn*
Daniel S. Blinn

9